UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RANDY D. LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-00303-JRG-HBG |
| | ) | |
| KNOX COUNTY SHERIFF'S DEPARTMENT, KNOX COUNTY DISTRICT ATTORNEY'S OFFICE, CHARME ALLEN, ASHLEY MCDERMOTT, TOM SPANGLER, STEVE WEBB, SHELLI LAMBERT, REX ARMSTRONG, TIM ATCHLEY, JERRY MASSEY, TOM FINCH, MARY SHELLY, CATHY NORRIS, TYLER WOLFE, GERALD GULLEY, and RHONDA F. LEE, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

The Court is in receipt of a pro se prisoner's motion for leave to proceed *in forma pauperis* [Doc. 1] and his complaint for violation of his civil rights filed pursuant to 42 U.S.C. §1983 [Doc. 2] for screening pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

**I.     FILING FEE**

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, this motion [*Id.*] will be **GRANTED** pursuant to 28 U.S.C. § 1915.

Because Plaintiff is an inmate in the Bledsoe County Correctional Complex ("BCCX"), he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at BCCX and the Attorney General for the State of Tennessee, and this order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to furnish a copy of this order to the Court's financial deputy.

## II.    SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 315 (1981).

### III. COMPLAINT ALLEGATIONS

In his complaint, which Plaintiff signed on August 5, 2019, Plaintiff states that his claims arise out of his conviction on February 19, 2019, after a trial, and that on May 30, 2019, Plaintiff received discovery documents establishing that his underlying arrest and conviction resulted from fabricated evidence [Doc. 2 at 3–4, 18]. Plaintiff alleges that the constitutional violations he suffered as a result of this underlying arrest and conviction are part of a larger pattern and/or conspiracy on the part of a number of Defendants [*Id.* at 4]. In support thereof, Plaintiff sets forth factual allegations regarding prior criminal actions against him, including an allegation that in 2007, a plea agreement that he entered was found to be illegal, resulting in him being released, and that in 2015, the Tennessee Court of Criminal Appeals found that Plaintiff's sentence was excessive in a manner that resulted in Plaintiff serving a sentence that was too long [*Id.* at 5–6]. Plaintiff also sets forth various allegations regarding his underlying convictions and the acts and omissions of Defendants relating thereto [*Id.* at 6–18].

### IV. ANALYSIS

First, district courts apply state statutes of limitations § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to §

1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3).

Accordingly, while it appears from the totality of the complaint that Plaintiff sets forth allegations arising out of arrests and/or convictions that a state court invalidated prior to August 5, 2018 [Doc. 2-1 at 37–38], only to support his allegation that his conviction on February 19, 2019, was part of a larger pattern or conspiracy of wrongdoing on the part of various Defendants, to the extent that Plaintiff seeks to hold Defendants liable for any conviction or sentence that a court invalidated prior to August 5, 2018, in his complaint that he signed on August 5, 2019, any such claims are time-barred.

Further, as to Plaintiff's claims arising out of allegations that his conviction in the Knox County Criminal Court on February 19, 2019, was based upon fabricated evidence and/or other improper acts and that this conviction therefore violated his constitutional rights, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that an action for damages for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a state conviction or sentence invalid" cannot be maintained unless the prisoner can show that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. In other words, "§ 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement" are not considered "appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 486.

The *Heck* rule therefore bars claims where a favorable judgment would necessarily imply the invalidity of a prisoner's confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)

4

(holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). As such, any such claim must be asserted under 28 U.S.C. § 2254. *See Wilkinson*, 544 U.S. at 78 (noting that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement'" but instead must seek federal habeas corpus relief) (citations omitted).

As Plaintiff has not set forth any facts from which the Court can plausibly infer that any court has reversed, expunged, or otherwise invalidated Plaintiff's 2019 conviction and/or sentence, *Heck* bars this Court from considering any claims arising therefrom.

### V. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the filing fee;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit payments towards the filing fee in the manner set forth above;

4. The Clerk will be **DIRECTED** to send a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at BCCX, the Attorney General for the State of Tennessee, and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 and this action therefore will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

                                        s/J. RONNIE GREER
                                  UNITED STATES DISTRICT JUDGE